UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA RANDOLPH,

    Plaintiff,

-against-

ANDREW SAUL,[1]

    Defendant.

17-CV-6711 (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2020

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated March 11, 2020 (Dkt. No. 34), plaintiff Linda Randolph moves, pursuant to 42 U.S.C. § 406(b), for an order approving a contingent fee arrangement in this social security case. Under the written fee agreement (Agreement) between plaintiff and her attorney Jasbrinder Sahni, if the court reviewing the Commissioner's decision remanded plaintiff's case (which it did), and if, on remand, plaintiff secured an award of past due benefits (which she has), attorney Sahni may apply to the Social Security Administration (SSA) "to approve a fee in the amount of twenty-five percent (25%) of past-due benefits" due to plaintiff and her family. Affirmation of Jasbrinder Sahni dated March 11, 2020 (Dkt. No. 34-1), Ex. 1. The present motion asks the Court to approve a payment of $9,381 to attorney Sahni, representing 25% of plaintiff's recovered past due benefits according to the SSA. *See* Sahni Aff. ¶ 5 & Ex. 2. The Commissioner responded to the motion on March 25, 2020 (Dkt. No. 35), noting that plaintiff's motion may be untimely as it was filed more than 14 days (plus 3 days for mailing) after the date of the issuance of the SSA's Notice of Award. Comm'r Resp. at 3. The Commissioner does not otherwise object to the requested fee award.

For the reasons set forth below, plaintiff's motion is GRANTED.

---

[1] Andrew Saul is now the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is substituted for former Acting Commissioner Nancy Berryhill as the defendant in this action.

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (internal citations and quotation marks omitted), *report and recommendation adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

These factors all weigh in favor of plaintiff's request for approval of a 25% contingency fee here. The fee is within the statutory limit. 42 U.S.C. § 406(b)(1)(A). There is no evidence in the record that the Agreement was the result of fraud or overreach. Nor would the contingency fee award constitute a windfall to attorney Sahni, who expended 31.1 hours on work related to this action, Sahni Aff. Ex. 3, including drafting and filing a 31-page memorandum of law in support of plaintiff's motion for judgment on the pleadings (Dkt. No. 31), after which the Court

granted plaintiff's motion and remanded her case to the SSA. (Dkt. No. 32.) Moreover, after remand, plaintiff secured the relief she sought – a finding of disability and an award of past due benefits. Sahni Aff. ¶ 3. Each of these factors favors approval. *Pelaez*, 2017 WL 6389162, at *1-2 (recommending approval of a similar contingency fee agreement).

In addition, I find that plaintiff timely filed her motion for attorney's fees. The Second Circuit recently held that that Fed. R. Civ. P. 54(d)(2)(B) "provides the applicable limitations period for filing § 406(b) motions." *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). The Court explained that the 14-day limitations period outlined in Rule 54(d)(2)(B) begins "[o]nce counsel receives notice of the benefits award." *Id*. at 88. Here, counsel states that he received the Notice of Award via fax from plaintiff on March 9, 2020. Sahni Aff. ¶ 3 & Ex. 2. The instant motion was filed two days later, on March 11, 2020, well within the 14-day limitations period. Even if, as the Commissioner appears to suggest, the limitations period began to run on February 21, 2020 (three days after the date of the Notice of Award), I would exercise my discretion to "enlarge that [14 day] filing period where circumstances warrant." *Sinkler*, 932 F.3d at 89. Accordingly, plaintiff's motion for attorney's fees is deemed timely.

For these reasons, plaintiff's motion is GRANTED, and the SSA is directed to approve a payment of $9,381.00 to attorney Sahni.

Dated: New York, New York
April 10, 2020         **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**